**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| GEORGE EDWARD BIGELOW | * | |
| ADC #109482 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:23-CV-00540-JJV |
| | * | |
| | * | |
| VAN BUREN COUNTY, | * | |
| ARKANSAS, *et al.,* | * | |
| | * | |
| Defendants. | * | |

<u>**MEMORANDUM AND ORDER**</u>

## I.    INTRODUCTION

George Edward Bigelow ("Plaintiff") has filed this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging Defendant Corporal Colby Rainez violated his constitutional rights while he was in the Van Buren County Detention Center ("VCDC").   (Doc. 6.)   Specifically, Plaintiff says soon after he was booked into the VCDC on December 7, 2021, Corporal Rainez subjected him to inhumane conditions of confinement when he put him in a cell without bedding, drinking water, or a toilet and later handcuffed him to a bench to punish him for urinating on the cell floor.   (*Id.*) All other claims and Defendants were dismissed without prejudice during screening mandated by 28 U.S.C. § 1915A.   (Doc. 10.)   And the parties have consented to proceed before me.   (Doc. 16.)

Defendant Rainez has filed a Motion for Summary Judgment arguing the claim against him should be dismissed without prejudice because Plaintiff failed to properly exhaust his available administrative remedies.   (Docs. 17-19.)   Plaintiff has not filed a Response, and the time to do so has expired.    Thus, the facts in Defendant's Statement of Facts (Doc. 19) are deemed admitted.

*See* Local Rule 56.1(c); *Jackson v. Ark. Dept. of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001).   And, as will be discussed herein, those facts are supported by the record.   After careful consideration and for the following reasons, the Motion for Summary Judgment is GRANTED, Plaintiff's remaining inhumane conditions of confinement claim against Defendant Rainez is DISMISSED without prejudice, and this case is CLOSED.

## II.    SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.   *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).   The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.   *Celotex*, 477 U.S. at 323.   Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of their claim and demonstrating there is a genuine dispute of material fact for trial.   *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).   In this regard, a material fact dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party."   *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC*, 76 F.4th 753, 757 (8th Cir. 2023).

## III.    DISCUSSION

### A.    The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.   *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).   Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."   *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.   *Id.*

### B.      VCDC's Grievance Policy

During booking, all detainees are told about the VCDC's three-step grievance policy, and a copy is available on the kiosk.   (Doc. 19-1 at 3; Doc. 19-4 at 2.)   First, a detainee must file a grievance, in writing or electronically on the kiosk, within forty-eight hours of the grieved event. (Doc. 19-4 a 2-3.)   A response must be provided within five days.   (*Id*.)   Second, if the detainee is not satisfied with the initial response, he or she must appeal to the superior of the responding officer within forty-eight hours.   (*Id.*)   Failure to timely do so results in the grieved matter being "abandoned."   (*Id*. at 3.)   And the superior must respond to the appeal within forty-eight hours. (*Id.*)   Third, if the detainee is still not satisfied, he or she must appeal to the facility administrator, who must make a final ruling within seventy-two hours.   (*Id.*)

### C.      Plaintiff's Grievances

The VCDC Jail Administrator says in her sworn affidavit Plaintiff filed several grievances while at the jail but only one of them relates to the allegations raised in this lawsuit.   (Docs. 19-1.)   Plaintiff has not challenged that contention, and my review of Plaintiff's grievance records confirms this to be correct.   (Doc. 19-3.)

Specifically, on May 4, 2023, Plaintiff filed a grievance alleging in November 2021 he was placed in a cell without a toilet, drinking water, or bedding.   (Doc. 19-3 at 5-6.)   On May 31, 2023, an officer responded by saying: "This will be given to CID."   (Doc. 6 at 4; Doc. 19-3 at 6). Plaintiff did not appeal.   Instead, he filed this lawsuit on June 12, 2023.   (Doc. 2.)

Defendant first argues this grievance is not proper exhaustion because it was filed more than forty-eight hours after the grieved incident occurred and it did not include the correct date, which was December (not November) 2021.[1]   However, I find no merit to either argument because, rather than rejecting the grievance for procedural reasons, the responding officer said it was being investigated.   *See Hammett v. Cofield,* 681 F.3d 945, 947 (8th Cir. 2012) ("the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits").

Defendant also argues Plaintiff did not properly exhaust his administrative remedies because he failed to appeal at stages two and three.   I agree.   The VCDC's grievance policy

---

[1] Although Defendant Rainez does not mention it in his Brief, the grievance did not say, as Plaintiff does in his Amended Complaint, that he was handcuffed to a bench.   Thus, that specific claim is not properly exhausted.   *See Muhammad v. Mayfield*, 933 F.3d 993, 1003 (8th Cir. 2019) (a grievance must mention the same issues raised in the lawsuit); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (improper exhaustion when the grievances did not include "the distinct § 1983 claims first asserted" in the lawsuit); *Kozohorsky v. Harmon*, 332 F.3d 1141, 1143 (8th Cir. 2003) ("[W]hen multiple prison condition claims have been joined . . . the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to <u>all</u> of the claims") (emphasis in the original).

clearly says a dissatisfied detainee "shall" appeal at steps two and three and that the failure to do so renders the matter "abandoned."   (Doc. 19-4 at 2-3.)   Proper exhaustion under the PLRA "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits."   *Woodford*, 548 U.S. at 90.   Because the undisputed evidence demonstrates Plaintiff did not properly comply with all steps of the VCDC's grievance procedure before he filed this lawsuit, I conclude he failed to properly exhaust his administrative remedies.

### D.      Unavailability

This is not the end of the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies.   42 U.S.C. § 1997e(a).   Administrative remedies are unavailable if, for instance: (1) the grievance procedure "operates as a dead end;" (2) the procedure is "so opaque that it becomes . . . incapable of use;" or (2) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."   *Ross v. Blake*, 578 U.S. 632, 642 (2016); *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).   Plaintiff has not offered any evidence or explanation as to why administrative remedies were unavailable to properly exhaust his conditions of confinement claim against Defendant Rainez before he filed this lawsuit.   Therefore, I conclude Defendant is entitled to summary judgment.   *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *King v. Iowa Dept. of Corr.*, 598 F.3d 1051, 1052 (8th Cir. 2010) (under the PLRA, § 1983 actions concerning prison conditions "shall not be brought" by an inmate "until such administrative remedies are available are exhausted").

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court.   To the contrary, the exhaustion

requirement plays a critical role in the remedy process. The Eighth Circuit has explained this

important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the
> quality of prisoner suits; to this purpose, Congress afforded corrections officials
> time and opportunity to address complaints internally before allowing the initiation
> of a federal case. In some instances, corrective action taken in response to an
> inmate's grievance might improve prison administration and satisfy the inmate,
> thereby obviating the need for litigation. In other instances, the internal review
> might filter out some frivolous claims. And for cases ultimately brought to court,
> adjudication could be facilitated by an administrative record that clarifies the
> contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an

opportunity to correct its own mistakes with respect to the programs it administers before it is

haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.    Defendant's Motion for Summary Judgment (Doc. 17) is GRANTED, Plaintiff's

remaining inhumane conditions of confinement claim against Defendant Rainez is DISMISSED

without prejudice, and this case is CLOSED.

2.    It is certified pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal

from this Order and the accompanying Judgment would not be taken in good faith.

Dated this 7th November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE